STATE OF WEST VIRGINIA

FILED

April 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANDREW MARLOW,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1092** (BOR Appeal No. 2047036)
             (Claim No. 2003024926)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ANDREW D. MARLOW AND**
**CHRISTOPHER E. MARTIN,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Andrew Marlow, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 24, 2012, in which the Board affirmed a February 23, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 19, 2011, decision denying the request for a Tesla MRI. The Office of Judges modified the claims administrator's July 19, 2011, decision denying the request to add the following diagnoses as compensable components: attention deficit disorder, central auditory processing disorder, post-traumatic headache, fatigue, and right greater occipital neuralgia. The Office of Judges also modified the claims administrator's September 7, 2011, decision that authorized the medications Wellbutrin SR, Trazodone, Baclofen, Strattera, Lyrica, Clonazepam, Tylox, Amantadine, and Aciphex from September 6, 2011, through December 6, 2011, on a wean and taper plan. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Marlow worked as a carpet installer for Andrew D. Marlow and Christopher E. Martin. On October 18, 2002, Mr. Marlow was injured when his motor vehicle was rear ended while he was driving from one job site to another. Gregory J. O'Shanick, M.D., requested the additional diagnoses be added as compensable components and the medications be authorized. ChuanFang Jin, M.D., recommended denying the request to add several diagnoses as compensable components and denying Lyrica in such high doses, Amantadine, Baclofen, Strattera and Clonazepam. Dr. Jin, however, recommended authorizing Wellbutrin, and Trazodone or Aciphex. On July 19, 2011, the claims administrator denied the request for a Tesla MRI. In a separate decision on July 19, 2011, the claims administrator denied the request to add the following diagnoses as compensable components: attention deficit disorder, central auditory processing disorder, post-traumatic headache, fatigue, and right greater occipital neuralgia. On September 7, 2011, the claims administrator authorized the medications Wellbutrin SR, Trazodone, Baclofen, Strattera, Lyrica, Clonazepam, Tylox, Amantadine, and Aciphex from September 6, 2011, through December 6, 2011, on a wean and taper plan.

The Office of Judges reversed the claims administrator's decision dated July 19, 2011, and authorized a Tesla MRI. The Office of Judges modified the claims administrator's decision dated July 19, 2011, and added post-traumatic headaches as an additional compensable component but denied adding the remaining requested diagnoses as compensable components. The Office of Judges also modified the claims administrator's decision dated September 7, 2011, and authorized the medications Trazodone and Baclofen past December 6, 2011, but denied authorization for the remaining medications past December 6, 2011. On appeal, Mr. Marlow asserts that the Office of Judges should have given greater weight to the opinion of Dr. O'Shanick than to the opinion of Dr. Jin's because Dr. O'Shanick has treated Mr. Marlow for a long term period and specializes in head injuries whereas Dr. Jin only saw Mr. Marlow once and is an occupational medicine physician. Mr. Marlow further asserts that Dr. O'Shanick and Dr. Jin found the medications requested for depression medically necessary. The West Virginia Office of Insurance Commissioner maintains that Mr. Marlow failed to prove by the preponderance of the evidence that the additional requested diagnoses or the continued authorization of several medications is medically necessary and causally related to his compensable injury.

The Office of Judges relied on Dr. Jin's opinion in denying the request for additional compensable components. Dr. Jin opined that headache and fatigue should be denied as compensable components because these are symptoms and nonspecific. Dr. Jin further recommended denying right greater occipital neuralgia as a compensable component because it was diagnosed several years after the initial injury, generally is based on a complaint of symptoms, and has not been confirmed by an objective test. The Office of Judges further relied on Dr. Jin's opinion in denying central auditory processing disorder as compensable and found

2

that there was no medical evidence from any type of medical specialist supporting this recommendation or concerning hearing loss.

The Office of Judges found Wellbutrin was prescribed for Mr. Marlow's mood disorder and was properly denied because no psychiatric conditions have been held compensable. The Office of Judges further found that Strattera was prescribed for attention deficit disorder, Clonazepam was prescribed for hyperviligance and other emotional symptoms, Amantadine was prescribed for increased initiation, and Acifex was prescribed for gastroesophageal reflux. It determined that none of these conditions have been held compensable, and therefore, these medications were properly denied. The Office of Judges concluded that Lyrica and Tylox that were prescribed for his chronic pain syndrome are linked to his spinal strain and his pain symptoms have not been proven related to any compensable components. The Board of Review reached the same reasoned conclusions in its decision of August 24, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3